FILED
CLERK, U.S. DISTRICT COURT

3/15/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>CHRISTIAN ROBERTO FLORES,<br>   aka "MATEFEEDKILL,"<br>   aka "m8feedkill,"<br><br>            Defendant. | CR  2:22-cr-00089-JLS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about March 30, 2021, in Los Angeles County, within the Central District of California, defendant CHRISTIAN ROBERTO FLORES, also known as ("aka") "MATEFEEDKILL," aka "m8feedkill," knowingly possessed a firearm, namely, a VEPR Pioneer, 7.62mm-caliber rifle, bearing serial number 12PP1190, and ammunition, namely, approximately 40 rounds of Poongsan 7.62mm-caliber ammunition, in and affecting interstate and foreign commerce.

Defendant FLORES possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the

following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Infliction of Corporal Injury on a Spouse, Cohabitant, Co-Parent, or Dating Partner, in violation of California Penal Code Section 273.5, in the Superior Court of the State of California, County of Los Angeles, Case Number YA087381, on or about May 28, 2013;

(2) Possession of a Short-Barreled Rifle or Shotgun, in violation of California Penal Code Section 33215, in the Superior Court of the State of California, County of Los Angeles, Case Number YA087381, on or about May 28, 2013;

(3) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Orange, Case Number 15HF1382, on or about January 26, 2016;

(4) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Orange, Case Number 15HF1382, on or about January 26, 2016;

(5) Possession of an Explosive, in violation of California Penal Code Section 12305, in the Superior Court of the State of California, County of Orange, Case Number 15HF1382, on or about January 26, 2016;

(6) Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number YA102323, on or about October 28, 2020; and

(7) Possession of a Firearm as a Felon or Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number YA100982, on or about October 28, 2020.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

i. One VEPR Pioneer 7.62mm-caliber rifle, bearing serial number 12PP1190;

ii. Approximately 40 rounds of Poongsan 7.62mm-caliber ammunition.

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

4

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

```
                          /S/
                    _____
                       Foreperson
```

TRACY L. WILKISON
United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDER P. ROBBINS
Assistant United States Attorney